LIBRATO MARATEA ET AL. v. PATRICK J. DUGAN.

Decided February 9, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the rule, *Alexander Simpson.*

*Contra,* McDermott, Enright & Carpenter.

Per Curiam.

This action was brought by the plaintiffs to recover compensation for injuries resulting to them from a collision between a car in which they were riding and a car being driven by the defendant. The collision occurred in the town of Kearny. The proofs showed that the car in which the plaintiffs were riding was driven by one of them, namely, John Delpone. It was traveling south on River road. As it approached the intersection of that road and the Belleville pike, which crossed it practically at right angles, the car of the defendant was also approaching the intersection, traveling eastwardly—that is, coming toward it from the plaintiffs' right. The question submitted to the jury was whether, under the evidence in the cause, the accident resulted solely from the negligence of the defendant, or solely from the negligence of Delpone, or from the combined negligence of both. The court charged the jury that, if the accident was the result solely of negligence of the defendant, all of the plaintiffs were entitled to recover; that, if it was the result solely of the negligence of Delpone, then none of them was entitled to recover; that, if it was the result of the combined negligence of both, then those of the plaintiffs who were riding in Delpone's car (other than Delpone himself) were entitled to recover, notwithstanding the latter's negligence. Under these instructions the jury found a verdict for the defendant. That verdict, by necessary implication, declared that the collision was due solely to the negligence of Delpone.

The only contention before us is that the verdict is contrary to the weight of the evidence and against the charge of the court. We think not. Under normal conditions, the defendant had the right of way at the crossing if his car reached the crossing first and was traveling at a reasonable rate of speed. The jury was entitled to find from the evidence that the defendant reached the intersecting point first; that he was traveling at a normal speed at that time, and that, consequently, he had the right of way. The verdict of the jury declared that it so found, and that finding was in harmony with the charge of the court.

The rule to show cause will be discharged.